**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**JANE ROE** and **JOHN DOE**,

     Plaintiffs,

v.                                                                    Civil Action No.: 3:26-cv-485

**DAVID GOZAL**,

in his individual and official capacities,

     Defendant.

**PLAINTIFFS JANE ROE AND JOHN DOE'S MOTION FOR LEAVE TO PROCEED
ANONYMOUSLY AND FOR ENTRY OF PROTECTIVE ORDER**

Plaintiffs "Jane Roe" and "John Doe" move for leave to proceed anonymously in this

case under Federal Rule of Civil Procedure 10(a) and *James v. Jacobson*, 6 F.3d 233, 238 (4th

Cir. 1993), and for a protective order to prevent all parties from revealing in public filings and

documents the real names of Plaintiffs and certain nonparties, including any Marshall University

students who may have witnessed conduct underlying the Plaintiffs' claims. Defendant is already

aware of the identifes of the Plaintiffs, and all known witnesses can be identified through non-

public disclosures. This motion is thus well-supported and consistent with precedent in this

district, as well as the leading case applying *Jacobson*. *See Doe v. Alger*, 317 F.R.D. 37 (W.D.

Va. 2016).

In support of this motion, Plaintiffs state as follows:

1.     While Rule 10(a) requires that the title of a complaint "name all parties," the

Fourth Circuit permits anonymous filing where the plaintiff's privacy interests outweigh the

benefit of keeping the proceedings open and proceeding anonymously will not prejudice the

defendant. *Jacobson*, 6 F.3d at 238. "The ultimate test for deciding if a plaintiff should proceed

anonymously is whether he has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

2.      The decision to allow a party to proceed anonymously is "committed to the sound discretion of the district court." *W.M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 (S.D.W. Va. Mar. 26, 2020) (Chambers, J.) (quoting *Alger*, 317 F.R.D. at 39).

3.      In analyzing a party's request to proceed anonymously, courts consider five factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *See id.* (citing *Jacobson*, 6 F.3d at 238).

4.      The five *Jacobson* factors weigh heavily in favor of Plaintiffs' anonymity given the potential for further harm to young students who allege their careers and reputations have already been impacted by the Defendant's conduct.

5.      Plaintiffs have a specific and personal privacy interest that justifies anonymity. Through this motion, Plaintiffs do not seek to merely "avoid the annoyance and criticism that may attend litigation." *Jacobson*, 6 F.3d at 238. Rather, Plaintiffs seeks to protect their privacy in a sensitive and highly personal matter: namely, that in response to their father's protected activity and their protected right of familial association, they have been targeted for retaliatory

action that has (by design) already harmed, and will continue to harm, their ability to complete their education, their careers, and their professional reputations.

6.      Identifying Plaintiffs by name will increase the risk of retaliatory harm from other persons, including faculty and students at Marshall University where Plaintiffs still attend classes. *Alger*, 317 F.R.D. at 40; *Painter v. Doe*, No. 3:15-CV-369-MOC-DCK, 2016 WL 3766466 (W.D.N.C. July 13, 2016). Plaintiffs' identification would also make it far more likely that the other students who witnessed or played some role in the underlying allegations would be identified—creating a risk of potential harm to nonparties.

7.      Additionally, Plaintiffs and the other students involved in the underlying claim are all young adults who "'may still possess the immaturity of adolescence,' as many college students do." *Alger*, 317 F.R.D. at 41 (quotations omitted). The third factor thus also weighs in favor of Plaintiffs' anonymity.

8.      The fourth factor—whether the defendants are private parties or the government—does not weigh against anonymity. The public's interest in this case generally centers on whether Dean Gozal engaged in or permitted retaliatory conduct in contravention of constitutional rights. Plaintiffs' identities are irrelevant to that inquiry. At worst, this factor is neutral.

9.      Lastly, anonymity will impose no unfairness on the Defendant, who are already aware of Plaintiffs' identity, and who can be made aware of any witnesses' identities through non-public disclosures.

10.     The need to protect Plaintiffs' privacy and safety—as well as that of other nonparty students—throughout the duration of this litigation outweighs the presumption of judicial openness set forth in Rule 10(a). *See, e.g., Alger*, 317 F.R.D. at 42 (granting motion to

3

proceed anonymously); *W. M.*, 2020 WL 1492544, at *2 (same); *Hersom v. Crouch*, No. 2:21-CV-00450, 2022 WL 908503, at *2 (S.D.W. Va. Mar. 28, 2022) (Goodwin, J.) (same).

11.     Accordingly, the Court should grant Plaintiffs' motion to proceed anonymously and enter a protective order prohibiting the use of their real names and the real names of any other student witnesses in public filings and documents in this case.

**PLAINTIFFS JANE ROE and JOHN DOE**,

**By Counsel**:

/s/ Ryan McCune Donovan
Ryan McCune Donovan (WVSB #11660)
J. Zak Ritchie (WVSB #11705)
Maureen F. Gleason (WVSB #14452)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
rdonovan@hfdrlaw.com
zritchie@hfdrlaw.com
mgleason@hfdrlaw.com

4