**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**JANE ROE and JOHN DOE,**

**Plaintiffs**, **Civil Action No. 3:26-CV-00485**

**v.**

**Hon. Robert C. Chambers**

**DAVID GOZAL,** ***in his individual and official capacities*****,**

**Defendant.**

**DEFENDANT DAVID GOZAL'S**
**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE**
**TO PROCEED ANONYMOUSLY AND FOR ENTRY OF PROTECTIVE ORDER**

Plaintiffs Jane Roe and John Doe, "two Marshall University MD/PhD students," beseech this Court to grant them something truly extraordinary: the right to prosecute salacious and spurious claims against Defendant David Gozal, the Dean of the Joan C. Edwards School of Medicine ("**Dean Gozal**"), anonymously. (Compl., ¶¶ 3, 11, ECF No. 1; Pls.' Mot. Leave, ECF No. 4.) As this Court knows, such relief is reserved for the truly "exceptional case." *W. M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *1 (S.D. W. Va. Mar. 26, 2020) (Chambers, J.) (emphasis added) (quoting *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 728 (W.D. Va. 2012)). Yet, the only thing "exceptional" about this case is Plaintiffs' brazen attempt to remain cloaked in the shadows, all the while besmirching Dean Gozal's good name before his peers, colleagues, other students, and the public writ large. It is often said that sunlight is "the best of disinfectants." *Wash. Post v. McManus*, 944 F.3d 506, 523 (4th Cir. 2019) (quoting L. Brandeis, *Other People's Money* 62 (National Home Library Foundation 1933)). While Dean Gozal does not oppose permitting "students who may have witnessed conduct underlying the Plaintiffs' claim" to remain anonymous during pretrial discovery (Pls.' Mot. Leave 1), this Court must compel

Plaintiffs to stand behind their false and defamatory allegations publicly in the clear light of day—just as Dean Gozal must defend against them in the public eye too.

The law of this Circuit commands such a result. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a civil complaint "must name all the parties." In other words, a person must sue and be sued in his or her own name. Such a requirement "recognizes 'the general presumption of openness of judicial proceedings,' which has a basis both in common law and in the First Amendment." *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). "Pseudonymous litigation" is disfavored because it "undermines the public's right of access to judicial proceedings," insofar as the "public has an interest in knowing the names of the litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citations omitted). This Court is empowered to grant the "*rare* dispensation" of permitting a party to proceed pseudonymously only in "exceptional" circumstances. *Doe*, 85 F.4th at 211 (citations omitted). The circumstances alleged in this case hardly fit that bill. A simple examination of the five factors outlined in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), explains why.

<u>**First**</u>, "the justification" Plaintiffs assert for anonymity is merely a pretext "to avoid the annoyance and criticism that may attend [this] litigation," rather than an actual attempt "to preserve privacy in a matter of sensitive and highly personal nature." *Id.* at 238. Of course, Plaintiffs claim to "have been targeted for retaliatory action that has (by design) already harmed, and will continue to harm, their ability to complete their education, their careers, and their professional reputations." (Pls.' Mot. Leave ¶ 5, at 2–3.) But, even accepting those allegations as true, Plaintiffs fail to explain <u>how</u> or <u>why</u> those allegations implicate anything of a "sensitive and highly personal nature." *Jacobson*, 6 F.3d at 238.

The reason for Plaintiffs' silence is obvious enough: the law of this Circuit does not support their characterization of the issues alleged in the Complaint. In the Fourth Circuit, "the types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families." *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004) (footnotes omitted). In contrast, adverse or retaliatory action taken in an academic setting has consistently been held insufficiently "sensitive and highly personal nature" to meet the demands of the first *Jacobson* factor. *See, e.g.*, *Doe v. Va. Polytechnic Inst. & State Univ.*, No. 7:18-CV-00016, 2018 WL 1594805, at *2 (W.D. Va. Apr. 2, 2018) (collecting cases and holding that protection from the stigma associated with a charge or finding of academic dishonesty, even if false, "and the adverse effects that such allegation would have on [a student's] ability to compete for admission into medical school," do not pass muster).

Rather than contesting that proposition, each one of the cases cited in Plaintiffs' Motion proves the point. *See Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (granting leave to student to proceed anonymously because "the sexual misconduct for which he was found responsible is sufficiently sensitive and personal to satisfy [the first *Jacobson*] factor" (emphasis added)); *Painter v. Doe*, No. 3:15-CV-369-MOC-DCK, 2016 WL 3766466, at *6 (W.D.N.C. July 12, 2016) ("Sexual misconduct is a subject matter sufficiently sensitive and personal to satisfy [the first *Jacobson*] factor." (emphasis added)); *Hersom v. Crouch*, No. 2:21-CV-00450, 2022 WL 908503, at *1 (S.D. W. Va. Mar. 28, 2022) ("A person's transgender status is a highly sensitive and personal matter and revealing it can subject them to mental and physical harm." (emphasis added)); *Braskem Am., Inc.*, 2020 WL 1492544, at *1 (granting leave to proceed anonymously where plaintiff hoped "to keep private the results of a drug test that he alleges were improperly disclosed," and where the motion was unopposed (emphasis added)). Indeed, Plaintiffs' boilerplate Motion

fails to direct this Court to so much as a single decision supportive of their position. (*See generally* Pls.' Mot. Leave.) It goes without saying that the first *Jacobson* factor weighs decidedly against Plaintiffs proceeding anonymously.

**Second**, identification of Plaintiffs hardly "poses a risk of retaliatory physical or mental harm to the requesting party," much less "to innocent non-parties." *Jacobson*, 6 F.3d at 238. Plaintiffs baldly assert—without even attempting to offer an explanation—that disclosing their identities "will increase the risk of retaliatory harm from other persons, including faculty and students at Marshall University where Plaintiffs still attend classes."[1] (Pls.' Mot. Leave ¶ 6, at 3.) Yet, that conclusory assertion is unsupported. "[N]o evidence has been offered that identifying" Plaintiffs "by their actual names presents any risk of retaliatory physical or mental harm." *Va. Polytechnic Inst.*, 2018 WL 1594805, at *3. The reason why is because there is none.

In addition, Plaintiffs' assertion is nonsensical. Dean Gozal is the only person whom Plaintiffs accuse (falsely) of retaliating or orchestrating retaliation against them. (*See generally* Compl.) And Dean Gozal is, by Plaintiffs' own admission, "already aware of Plaintiffs' identity." (Pls.' Mot. Leave ¶ 9, at 3.) It is completely irrational—and, more importantly, unsupported with competent record evidence—to infer that disclosing Roe's and Doe's identities might somehow heighten any risk of retaliatory physical or mental harm to them, much less expose others to the risk of such harms. *Cf. Alger*, 317 F.R.D. at 40 (holding second factor weighed, "albeit slightly," in favor of anonymity because student had been accused of raping another student, the case had

[1] Plaintiffs also suggest that identifying them would "make it far more likely that the other students who witnessed or played some role in the underlying allegations would be identified—creating a risk of potential harm to nonparties." (Pls.' Mot. Leave ¶ 6, at 3.) To the extent Plaintiffs contend the identities of such material witnesses may be withheld from Dean Gozal, that is, of course, preposterous. *See* FED. R. CIV. P. 26(a)(1)(A)(i) (requiring each party to disclose "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ."). Alternatively, to the extent Plaintiffs desire to keep the names of such students from public disclosure, their concern is of no moment because, as already mentioned, Dean Gozal does not oppose permitting such students to remain anonymous during the course of pretrial discovery.

already "received a fair amount of press for a relatively small community," and it stood to reason that some people "would seek to inflict physical or mental harm on Doe if they learned of his real name, especially in light of the ongoing national conversation about sexual misconduct on college campuses"). Thus, the second *Jacobson* factor weighs against allowing Plaintiffs to prosecute this litigation from the shadows.

**Third**, "the ages of the persons whose privacy interests are sought to be protected" does not entitle Plaintiffs to proceed anonymously. *Jacobson*, 6 F.3d at 238. Tellingly, neither Doe nor Roe alleges how old he or she is. (*See generally* Pls.' Mot. Leave.) Instead, Plaintiffs merely identify themselves as "young adults," and go on to implausibly suggest they "'may still possess the immaturity of adolescence,' as many college students do." (*Id.*, ¶ 7, at 3 (emphasis added) (quoting *Alger*, 317 F.R.D. at 41).) But that characterization is false and misleading. Plaintiffs are not college students. To the contrary, both are young professionals far past their tender years who are attempting to obtain advanced post-secondary degrees in a prestigious and competitive program. In 2017, Marshall University accepted Roe into its "competitive Accelerated B.S./M.D. Program," from which she matriculated and entered medical school in 2020, while Doe completed his undergraduate studies and "entered the MD/PhD program in 2020." (Compl., ¶¶ 31, 34.) Clearly, Plaintiffs are not "minor[s]" and certainly do "not possess the 'special vulnerability' of a child-plaintiff." *Pittsylvania Cnty.*, 844 F. Supp. 2d at 729 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). Hence, the third *Jacobson* factor weighs heavily against permitting Plaintiffs the extraordinary relief of anonymity.

**Fourth**, the fact Dean Gozal is a "private party" is yet another reason that militates against the extraordinary relief Plaintiffs demand. *Jacobson*, 6 F.3d at 238. Plaintiffs attempt to gloss over this factor, suggesting that, "[a]t worst," it is "neutral." (Pls.' Mot. Leave ¶ 8, at 3.) They are wrong. Plaintiffs sue Dean Gozal in his official and individual capacities. (*See generally* Compl.)

It is widely accepted that, unlike suits against the government, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Indeed, this Court has recognized that the fourth *Jacobson* factor "weighs <u>against anonymity</u>" where an "action is brought against a private party and not a governmental entity," as is the case here. *Braskem Am., Inc.*, 2020 WL 1492544, at *2 (emphasis added). "Basic fairness dictates that those among the defendant['s] accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names." *S. Methodist Univ.*, 599 F.2d at 713. Consequently, the fourth *Jacobson* factor swings against Plaintiffs.

**<u>Fifth</u>**, palpable prejudice and "unfairness" would result in the event this Court allowed Plaintiffs' "action against [Dean Gozal] to proceed anonymously."[2] *Jacobson*, 6 F.3d at 238. From a practical standpoint, granting Plaintiffs complete anonymity would force Dean Gozal to incur considerable additional cost and expense in defending this action. For example, such a ruling would compel Dean Gozal either to redact, or to move for leave to file under seal, each and every letter or tangible item of evidence that identified Plaintiffs by name, multiplying the cost of defending against Plaintiffs' baseless allegations, particularly once summary judgment is sought. *See, e.g.*, *Grow Universe Inc. v. Doe*, No. 1:25-CV-1861-GHW, 2026 WL 412637, at *4 (S.D.N.Y. Feb. 13, 2026) ("Even where a plaintiff knows the defendant's identity, litigating against an

[2] It is unclear whether Plaintiffs seek to remain anonymous during trial. If such relief is sought, the prejudice and unfairness to Dean Gozal multiplies. For example, it would be impossible to conduct adequate voir dire without disclosing Plaintiffs' identities and that of their father. In addition, allowing Plaintiffs to "proceed pseudonymously would run a risk of giving [their] claims greater stature or dignity before, or otherwise confusing or distracting, the jury," insofar as "one or more jurors might conclude that [they], for unknown reasons, merited extra-solicitous treatment," which might "skew the jury's assessment of [Plaintiffs'] credibility and [their] claims." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016).

anonymous defendant frequently requires the plaintiff to make redactions and take other measures not to disclose the defendant's identity, increasing both the work required and the cost of litigation." (cleaned up)). In addition, it is fundamentally unfair to force Dean Gozal to defend himself publicly, while allowing Plaintiffs "to hide behind a shield of anonymity in the event [they are] unsuccessful in proving" their claims. *Doe*, 85 F.4th at 217–18. Therefore, the fifth and final *Jacobson* factor weighs against affording Plaintiffs the extraordinary relief of anonymity.

In addition to the *Jacobson* factors, another consideration demands this Court reject Plaintiffs' attempt to proceed anonymously: namely, from the allegations appearing on the face of the Complaint, the identity of Plaintiffs' father—and, through him, each Plaintiff—is readily apparent. The Complaint alleges information sufficient to enable even a casual and unfamiliar reader to divine the name of Plaintiffs' father through a simple Google search. For example, the Complaint identifies his "signature achievement" as obtaining "the COBRE (Center for Biomedical Research Excellence) grant, awarded by the NIH," while an employee of Marshall University. (Compl., ¶ 14.) It discloses that, as of spring 2025, he chaired the Department of Clinical and Translational Sciences at Marshall University. (*Id.*, ¶ 16.) It alleges that, in or around 2025, he held the titles and positions of Vice Dean for Research and Vice Dean for Graduate Education at Marshall University. (*Id.*, ¶ 20.) And it alleges his employment with Marshall University terminated on June 30, 2026. (*Id.*, ¶ 27.) Once the reader ascertains the name of Plaintiffs' father, it is no herculean task to ascertain Roe's and Doe's identities. After all, the Complaint alleges Doe and Roe entered Marshall University's MD/PhD program in 2020 and 2022, respectively—a highly competitive program with only a handful of participants. (*Id.*, ¶¶ 32–34.) These are but a handful of examples of allegations littered throughout the Complaint sufficient to disclose, intentionally or not, Plaintiffs' identities to any interested reader. (*See also, e.g.*, *id.*, ¶¶ 52–57.) In short, the bell has already rung, and Dean Gozal should not be subjected to

the additional burden and stigma attendant to litigating in the shadows given Plaintiffs' own failure to preserve their anonymity.

For the aforementioned reasons, this Court must deny Plaintiffs' Motion for Leave to Proceed Anonymously and for Entry of Protective Order, ECF No. 4.

**Dated: August 11, 2026**

**DEFENDANT DAVID GOZAL,**

**By Counsel,**

/s/ J. Ben Shepard

Michael J. Farrell, Esquire (WVSB No. 1168)
J. Ben Shepard, Esquire (WVSB No. 13261)
**FARRELL & FARRELL PLLC**
914 5th Avenue, P.O. Box 6457
Huntington, WV 25772-6457
Phone: (304) 522-9100 / Fax: (304) 522-9162
mjf@farrell.3.com / jbs@farrell3.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**JANE ROE and JOHN DOE,**

**Plaintiffs,**

**Civil Action No. 3:26-CV-00485**

**v.**

**Hon. Robert C. Chambers**

**DAVID GOZAL,** ***in his individual and official capacities*****,**

**Defendant.**

**CERTIFICATE OF SERVICE**

I, the undersigned counsel for Defendant David Gozal, hereby certify that the foregoing "**Defendant David Gozal's Response in Opposition to Plaintiffs' Motion for Leave to Proceed Anonymously and for Entry of Protective Order**" was filed with the Court on **August 11, 2026**, using the CM/ECF system, which will serve/send notification of such filing to the following CM/ECF counsel of record:

Ryan McCune Donovan, Esq.
J. Zak Ritchie, Esq.
Maureen F. Gleason, Esq.
**HISSAM FORMAN DONOVAN RITCHIE PLLC**
P.O. Box 3983
Charleston, WV 25339
rdonovan@hfdrlaw.com
zritchie@hfdrlaw.com
mgleason@hfdrlaw.com
***Counsel for Plaintiffs***

/s/ J. Ben Shepard

Michael J. Farrell, Esquire (WVSB No. 1168)
J. Ben Shepard, Esquire (WVSB No. 13261)
**FARRELL & FARRELL PLLC**
914 5th Avenue, P.O. Box 6457
Huntington, WV 25772-6457
Phone: (304) 522-9100 / Fax: (304) 522-9162
mjf@farrell.3.com / jbs@farrell3.com