**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JANE ROE and
JOHN DOE,

Plaintiffs,

v. CIVIL ACTION NO. 3:26-0485

DAVID GOZAL,
in his individual and official capacities,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Jane Roe and John Doe's Motion for Leave to Proceed Anonymously and for Entry of Protective Order (ECF No. 4, Pls.' Mot.). Plaintiffs—two Marshall University students—claim that identifying themselves would "increase the risk of retaliatory harm from . . . faculty and students at Marshall . . . ." Pls.' Mot. ¶ 6.

Federal courts disfavor pseudonymous litigation. *See Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023); *see also* Fed. R. Civ. P. 10(a) (requiring civil complaints to "name all parties"). Such litigation "'undermines the public's right of access to judicial proceedings' because 'the public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings.'" *Doe v. Doe*, 85 F.4th at 210–11 (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)). "Nevertheless, district courts may, in their discretion, allow pseudonymous litigation because 'privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this *rare* dispensation.'" *Id.* at 211 (emphasis in original) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

"The ultimate test for deciding if a plaintiff should proceed anonymously is whether he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016). In making this determination, courts consider several factors: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties," (3) "the ages of the persons whose privacy interests are sought to be protected," (4) "whether the action is against a governmental or private party," and (5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Jacobson*, 6 F.3d at 238.

The first factor weighs against Plaintiffs. "[T]he types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families." *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004). The subject of Plaintiff's suit—Defendant David Gozal's alleged retaliation against Plaintiffs—is not nearly as sensitive.

The second factor also weighs against allowing Plaintiffs to proceed anonymously. The Court finds that Plaintiffs have a credible fear of retaliation. A letter they attached to their Reply supports their claim that Mr. Gozal retaliates against critics and whistleblowers through his control of Marshall faculty. *See* ECF No. 8, Pls.' Reply, Ex. A. But the Court is not persuaded that anonymity would protect Plaintiffs from such retaliation. Plaintiffs' Complaint includes several details about Plaintiffs' father. *See* ECF No. 1, Compl. ¶ 13 ("The Students' father had served at

Marshall's Joan C. Edwards School of Medicine for more than twelve years."); *id.* ¶ 14 (His signature achievement was the COBRE (Center of Biomedical Research Excellence) grant, awarded by the NIH. At Marshall, the COBRE grant supported obesity-related biomedical research . . . ."); *id.* ¶ 20 (stating Plaintiffs' father was Marshall's "Vice Dean for Research, Vice Dean for Graduate Education, and Chair of the Department of Clinical and Translational Sciences."). This information makes it easy to identify Plaintiffs' father through an internet search. For a Marshall student or faculty member, from whom Plaintiffs fear retaliation, identifying Plaintiffs would therefore be straightforward. Since Plaintiffs' identities are already discernable, proceeding anonymously would confer minimal protection. Further, Plaintiffs' allegations suggest that many Marshall faculty and students are already aware of the dispute between Plaintiffs and the medical-school administration. *See* Compl. ¶¶ 9, 42, 44, 47, 91, 103, 111, 148.

Plaintiffs argue that, even if a "determined reader" can identify Plaintiffs, Plaintiffs still have an interest in keeping this litigation out of "background checks, residency application searches, and employer screenings." ECF No. 8, at 10. But a lawsuit showing up in future educational or employment screenings is part of the "annoyance and criticism that may attend any litigation." Such annoyance is not an adequate justification for proceeding anonymously. *See Jacobson*, 6 F.3d at 238.

Nor does the third factor support Plaintiffs' request. Plaintiffs argue this factor weighs in their favor because there is a "structural power imbalance" between them and the defendant. Pls.' Reply 7. Even assuming the third *Jacobson* factor is not solely concerned with age but includes power imbalances generally, Plaintiffs have not alleged they are young enough nor sufficiently vulnerable to warrant granting them special protection. Their Complaint reveals that they have

resisted and successfully objected to a number of Mr. Gozal's actions that they cite as violations of school policies. *See* Compl. ¶¶ 10, 112–14, 116–17, 122–24, 126–27.

The fourth factor also weighs against pseudonymity. "Actions against the government do no harm to its reputation, whereas suits filed against private persons may damage their good names and result in economic harm." *Alger*, 317 F.R.D. at 41 (quoting *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012)). Plaintiffs sue Mr. Gozal in both his individual and official capacities. *See* Compl. 1. They are thus effectively suing both a private person and the government. Plaintiffs claim Mr. Gozal's status as a state official "affirmatively supports" their request for anonymity. Pls.' Reply 8. The Court disagrees. "The simple fact that [a] plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity." *Pittsylvania Cnty.*, 844 F. Supp. 2d at 730. Meanwhile, despite Mr. Gozal's official role, Plaintiffs' allegations could certainly harm Gozal's reputation.

Finally, the fifth factor also weighs against Plaintiffs. The Court agrees it would be "unfair to force Dean Gozal to defend himself publicly, while allowing Plaintiffs 'to hide behind a shield of anonymity . . . .'" ECF No. 7, at 7 (quoting *Doe v. Doe*, 85 F.4th at 217); *see Pittsylvania Cnty.*, 844 F. Supp. 2d at 730 ("[I]t is a matter of 'basic fairness' that a private-party defendant's accusers participate in the suit under their real names." (quoting *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979))).

Since each *Jacobson* factor weighs against allowing Plaintiffs to proceed anonymously, the Court finds Plaintiffs do not have "a substantial privacy right" which outweighs the "presumption of openness in judicial proceedings." The Court **DENIES** Plaintiffs' Motion for Leave to Proceed Anonymously and for Entry of Protective Order (ECF No. 4).

The Court **DIRECTS** Plaintiffs to file an amended complaint identifying themselves **on or before September 4, 2026**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 21, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE